# CIVIL COVER SHEET

JS 44 - No. CALIF. (Rev. 4/97)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO)

| I.(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al. | HAMMAN'S INC., a California Corporation, and JAMES DEAN HAMMAN, Individually |
| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES)<br><br>Alameda | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Muriel B. Kaplan, Saltzman & Johnson Law Corporation<br>120 Howard Street, Suite 520, San Francisco, CA 94105<br>415-882-7900 | ATTORNEYS (IF KNOWN)<br>8-680 PJH |

## II. BASIS OF JURISDICTION (PLACE AN "✓" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "✓" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "✓" IN ONE BOX ONLY)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "✓" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury Med Malpractice<br>☐ 365 Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth In Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt Relations<br>☐ 730 Labor/Mgmt Reporting & Disclosure Act<br>☑ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☑ 791 Empl.Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (US Plaintiff or Defendant)<br>☐ 871 IRS - Third Party 26 USC 7609 | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 510 Motion to Vacate Sentence<br>Habeas Corpus:<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Action for collection of delinquent contribution payments under Employee Retirement Income Security Act (29 USC Sections 1001 et seq.)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $         CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE A "✓" IN ONE BOX ONLY)

☑ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE

DATE 1/29/08   SIGNATURE OF ATTORNEY OF RECORD [signature]

```
Court Name: U.S. District Court, NDCA
Division: 3
Receipt Number: 34611015118
Cashier ID: bucklem
Transaction Date: 01/29/2008
Payer Name: saltzman and johnson
------------------------------------
CIVIL FILING FEE
 For: gil crosthwaite
 Case/Party: D-CAN-3-08-CV-000680-001
 Amount:      $350.00
------------------------------------
CHECK
 Check/Money Order Num: 23996
 Amt Tendered:  $350.00
------------------------------------
Total Due:       $350.00
Total Tendered:  $350.00
Change Amt:      $0.00

Checks and drafts are accepted
subject to collections and full
credit will only be given when the
check or draft has been accepted by
the financial institution on which
it was drawn.
```

1  Muriel B. Kaplan, Esq. (SBN 124607)
   Michele R. Stafford, Esq. (SBN 172509)
2  SALTZMAN & JOHNSON LAW CORPORATION
   120 Howard Street, Suite 520
3  San Francisco, CA 94105
   (415) 882-7900
4  (415) 882-9287 – Facsimile
   mkaplan@sjlawcorp.com
5  mstafford@sjlawcorp.com

6  Attorneys for Plaintiffs

7

8
                     UNITED STATES DISTRICT COURT
9
                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

11
   GIL CROSTHWAITE, RUSS BURNS, in their          Case No.: C08-0680 PJH
12 respective capacities as Trustees of the
   OPERATING ENGNEERS HEALTH AND                  **COMPLAINT**
13 WELFARE TRUST FUND FOR NORTHERN
   CALIFORNIA; PENSION TRUST FUND
14 FOR OPERATING ENGINEERS;
   PENSIONED OPERATING ENGINEERS
15 HEALTH AND WELFARE FUND;
   OPERATING ENGINEERS AND
16 PARTICIPATING EMPLOYERS PRE-
   APPRENTICESHIP, APPRENTICE AND
17 JOURNEYMEN AFFIRMATIVE ACTION
   TRAINING FUND; OPERATING
18 ENGINEERS VACATION AND HOLIDAY
   PLAN; OPERATING ENGINEERS
19 CONTRACT ADMINISTRATION TRUST
   FUND; OPERATING ENGINEERS MARKET
20 PRESERVATION TRUST FUND;
   OPERATING ENGINEERS INDUSTRY
21 STABILIZATION TRUST FUND; BUSINESS
   DEVELOPMENT TRUST FUND; AND
22 HEAVY AND HIGHWAY COMMITTEE,

23         Plaintiffs,

24 v.

25 HAMMAN'S INC., a California Corporation,
   and JAMES DEAN HAMMAN, Individually,
26
           Defendants.
27

28
                                                                    -1-
                                                              **COMPLAINT**
                                                          **Case No.: C08-0680 PJH**

P:\CLIENTS\OE3CL\Hammans Inc\Pleadings\Complaint 012808\C08-0680 PJH Complaint 012808.DOC

Parties

1. The Operating Engineers Health and Welfare Trust Fund for Northern California; Pension Trust Fund for Operating Engineers (which includes the Pension Plan for the Pension Trust Fund for Operating Engineers, and the Operating Engineers Annuity Plan); Pensioned Operating Engineers Health and Welfare Fund; Operating Engineers and Participating Employers Pre-Apprenticeship; Apprentice and Journeyman Affirmative Action Training Fund; and Operating Engineers Vacation and Holiday Plan are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3). They and their fiduciaries are together referred to herein as "ERISA Plaintiffs." Gil Crosthwaite and Russ Burns are Co-Chairmen of the Joint Boards of Trustees of the ERISA Plaintiffs with authority to act on behalf of all Trustees.

2. Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO ("Union") is a labor organization as defined in § 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5).

3. HAMMAN'S INC. and JAMES DEAN HAMMAN are employers by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2). He and those entities are referred to herein as "Defendants". JAMES DEAN HAMMAN is further a personal guarantor of payment to plaintiffs of the fringe benefits claimed herein, pursuant to the Collective Bargaining Agreement described below.

Jurisdiction

4. Jurisdiction exists in this Court over the claims asserted by the ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that the ERISA Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which

violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

5. Jurisdiction exists in this Court over all the claims by virtue of Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that the plaintiffs seek to enforce the terms and conditions of a collective bargaining agreement between the employer and a labor organization.

6. To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

### Venue

7. Venue exists in this Court with respect to the claims under ERISA § 502 because all of the plans of the ERISA Plaintiffs are administered within this district and the breach took place in this district.

8. Venue exists in this Court with respect to the claims under LMRA §301(a) because this Court has jurisdiction over the parties, as the Union maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

### Intradistrict Assignment

9. The basis for assignment of this action to this court's Oakland Division is that all of the events and omissions giving rise to plaintiffs' claims occurred in the County of Alameda, where the ERISA Plaintiff funds and union dues, were administered during the period claimed herein, and where defendants therefore failed to fulfill their statutory and contractual obligations to the plaintiffs.

Bargaining Agreement

10. The Union and defendants entered into a collective bargaining agreement requiring employer contributions to the Plaintiff Funds, and to the Union for union dues and to other Trust Funds more fully described in the Master Agreement incorporated into the Independent Northern California Construction Agreement to which defendants are signatory. That Agreement is referred to herein as the "Bargaining Agreement," and the ERISA Plaintiffs and Trust Funds are third party beneficiaries of that Bargaining Agreement. Additionally, Hamman's Inc. is signatory to the Private Work Agreement for District 10 (Santa Rosa), which similarly requires contributions to the plaintiff Funds, to the Union for dues, and to other Trust Funds more fully described therein.

11. The Operating Engineers Market Preservation Fund, Operating Engineers Industry Stabilization Trust Fund, Business Development Trust Fund, and Heavy and Highway Committee, together referred to herein as "Trust Funds," are funds for which plaintiff Boards of Trustees are the assignees of monies due under the Bargaining Agreement.

12. Under the terms of said Bargaining Agreement and of the governing documents of the ERISA Plaintiffs which documents are incorporated into the Bargaining Agreement and made binding on defendants, defendants are (1) required to submit monthly reports of hours worked by its employees, and (2) to regularly pay to the Plaintiff ERISA Funds, to the Union for union dues, and to the Trust Funds, certain sums of money, the amounts of which are determined by the hours worked by employees of defendants, all as more fully set forth in said Bargaining Agreement. Also under the terms of said Bargaining Agreement and the governing documents of the Plaintiff Funds, defendants (3) agreed to pay liquidated damages for each delinquent payment, which become part of the contributions. Defendants further agreed (4) to pay interest on the combined contributions and liquidated damages at the rates set by the Bargaining Agreement, from the day

immediately following the date that each such payment became due until paid in full, all as more fully set forth in said Bargaining Agreement.

Under the terms of the Bargaining Agreement to which he is signatory, (5) defendant James Dean Hamman is individually liable for any corporate obligation for payment to plaintiff Trust Funds. Included therein is the obligation to provide certain records for review by plaintiffs' representatives, and to (6) pay any amounts found due on audit.

<u>Facts</u>

13.     Defendants underpaid contributions owing to the plaintiffs under the Bargaining Agreement for work performed during the months November 2005 through November 2006, and further failed to pay contributions reported by them as owing to the plaintiffs under the Bargaining Agreement for work performed during the months of July through September 2007. Liquidated damages and interest have been incurred and are owing for the unpaid contributions owed for this period.

14.     Demand was made on defendants on behalf of plaintiffs, for payment of all delinquent contributions, liquidated damages and interest due to the ERISA Plaintiff Funds, the Union, and the Trust Funds. Defendant has failed and refused to make payment of any amounts due claimed herein, as required by the Bargaining Agreement.

15.     Defendants have a statutory duty to make the required payments timely to the ERISA Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and by failing to make such timely payments has violated the law.

16.     Defendants' failure and refusal to timely submit the aforesaid payments, as alleged herein, was at all times, and still is, willful. Said refusal is unjustified and done with malicious intent. Defendants' failure to timely make such payments in compliance with the Bargaining Agreement has reduced the corpus of the ERISA Plaintiff funds and operating ability of the

Union, thereby impairing their ability to pay or provide benefits to members and beneficiaries, and thereby causing harm to all ERISA Plaintiffs funds and to the Union. Defendants' obligations pursuant to the Bargaining Agreement are continuing obligations; defendants continue to breach said Bargaining Agreement by failing and refusing to timely pay monies due thereunder to the Plaintiff Funds and the Union. Plaintiffs are informed and believe, and therefore allege, that defendants will continue to willfully refuse to make said payments unless ordered by this Court to comply.

17. Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless defendants are ordered specifically to perform all obligations required on defendants' part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, the Bargaining Agreement, and the governing documents of the Plaintiffs Funds referred to therein, and are restrained from continuing to refuse to perform as required thereunder.

18. This Court is authorized to issue injunctive relief based on traditional standard. As set forth above, plaintiffs have a strong likelihood of success on the merits, there is the possibility that the Board of Trustees and the participants will suffer irreparable injuries, and the balance of hardships and advancement of public interest favor plaintiffs.

Prayer

WHEREFORE, Plaintiffs pray as follows:

1. For a judgment against defendants as follows:

    a. For unpaid contributions for hours worked as specified above and thereafter through judgment;

        (1) To the ERISA Plaintiffs, in accordance with ERISA Section 502(g)(2)(A), 29 U.S.C. Section 1132(g)(2)(A) and the Bargaining Agreement;

-6-
COMPLAINT
Case No.: C08-0680 PJH

         (2)       To the Union in accordance with the Bargaining Agreement.

    b.      Liquidated damages on late paid and unpaid contributions in an amount provided for under the Bargaining Agreement and governing documents of the Plaintiff Funds and with respect to the ERISA Plaintiffs, ERISA Section 502(g)(2)(c), 29 U.S.C. Section 1132(g)(2)(c).

    c.      Interest on late paid and unpaid contributions, dues and liquidated damages which become a part of the contributions, at the rates set in accordance with the Bargaining Agreement, the governing documents of the ERISA Plaintiffs and the ERISA Section 502(g)(2)(B), 29 U.S.C. Section 1132(g)(2)(B).

2.      For any additional contributions and dues payable to plaintiffs and the Trust Funds as third party beneficiaries of the Bargaining Agreements at time of judgment, plus interest and liquidated damages as above provided and in accordance with the Bargaining Agreements, the governing documents of the Plaintiff Funds, and with respect to the ERISA Plaintiffs, ERISA Section 502(g)(2), 29 U.S.C. Section 1132(g)(2).

3.      ERISA Plaintiffs' reasonable attorneys' fees and costs of this action and for auditors' costs, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and in accordance with the collective bargaining agreement for all Bargained Plans, and with LMRA Section 301, 29 U.S.C. § 185 for all plaintiffs.

4.      For an order,

    (a)      requiring that defendants comply with their obligations to plaintiffs under the terms of the Bargaining Agreement and the governing documents referred to therein;

    (b)      enjoining defendants from violating the terms of those documents and of ERISA; and

///

P:\CLIENTS\OE3CL\Hammans Inc\Pleadings\Complaint 012808\C08-0680 PJH Complaint 012808.DOC

1          (c)    enjoining defendants from disposing of any assets until said terms have been complied with, and from continuation or operating of defendants' business until said terms have been complied with.

    5.    That the Court retain jurisdiction of this case pending compliance with its orders.

    6.    For such other and further relief as the Court may deem just and proper.

Dated: January 28, 2008        SALTZMAN & JOHNSON LAW CORPORATION

By:_____/s/_____
    Muriel B. Kaplan
    Attorneys for Plaintiffs